IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–02311–EWN–BNB

RACHELLE NARDO,
MOLLY TILLYER, and
CAYMI WITKOWSKI,

    Plaintiffs,

v.

TOUSA HOMES, INC., d/b/a ENGLE
HOMES COLORADO,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This is an employment discrimination case. Plaintiffs Rachelle Nardo, Molly Tillyer, and Caymi Witkowski allege Defendant Tousa Homes, Inc. discriminated against them on the basis of their sex and retaliated against them for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (2006) ("Title VII"). This matter comes before the court on "Defendant's Brief in Support of Motion to Dismiss Claims of Plaintiff Nardo," filed January 8, 2007.[1] Jurisdiction is premised upon the existence of a federal question pursuant to 28 U.S.C. §§ 1331, 1367 (2006).

---

[1] Although the motion before the court is styled a motion to dismiss, for reasons discussed below, I treat it as one for summary judgment.

**FACTS**

*1. Factual Background*

Plaintiffs are females who were employed by Defendant. (Compl. and Jury Demand ¶¶ 4–6, 11, 15–16 [filed Nov. 17, 2006] [hereinafter "Compl."].) Defendant hired Plaintiff Nardo in January 2004. (Def.'s Br. in Supp. of Mot. to Dismiss Claims of Pl. Nardo, Statement of Undisputed Material Facts ¶ 2 [filed Jan. 8, 2007] [hereinafter "Def.'s Br."]; *admitted at* Pl.'s Resp. to Def.'s Mot. to Dismiss Claims of Pl. Nardo, Resp. to Statement of Undisputed Facts ¶ 2 [filed Feb. 12, 2007] [hereinafter "Pl. Nardo's Resp."].)

On July 30, 2004, Plaintiff Nardo attended a meeting with Plaintiffs Tillyer and Witkowski, as well as Susan McDonald (a non-party ex-employee of Defendant) and Defendant's Regional Manager, Mike Kondus. (Pl. Nardo's Resp., Statement of Additional Disputed Facts ¶ 1; *admitted at* Def.'s Reply in Supp. of Mot. to Dismiss Claims of Pl. Nardo, Statement of Additional Disputed Facts ¶ 1 [filed Mar. 2, 2007] [hereinafter "Def.'s Reply"].) Plaintiff Nardo asserts that she and the other female employees at the meeting voiced their concerns about disparate treatment of women by Defendant. (*Id.*, Statement of Additional Disputed Facts ¶ 1; *denied at* Def.'s Reply. Statement of Additional Disputed Facts ¶ 1.) Plaintiff Nardo's employment with Defendant ended on or about August 14, 2004. (Def.'s Br., Statement of Undisputed Material Facts ¶ 3; *admitted at* Pl. Nardo's Resp., Resp. to Statement of Undisputed Facts ¶ 3.)

On October 6, 2004, Plaintiff Nardo filed a charge alleging disability discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").

(*Id.*, Ex. A–1 [Nardo Charge].)  The particulars of the charge state that Plaintiff Nardo: (1) disclosed a disability to Defendant; (2) was denied reasonable accommodation for her disability; (3) was terminated on August 13, 2004 for the purported reason that she did not qualify for benefits under the Family Medical Leave Act; and (4) believed she was discriminated against based on her disability and in retaliation for requesting reasonable accommodations.  (*Id.*)

On December 20, 2004, Plaintiff Tillyer filed a charge of discrimination against Defendant with the EEOC alleging that she and a "group of similarly situated employees" were subject to disparate treatment on account of their sex and were terminated or forced to resign soon after complaining to Defendant's regional manager of such disparate treatment on July 30, 2004.  (Pl. Nardo's Resp., Ex. 3 [Tillyer Charge].)

Plaintiff Nardo was present at Plaintiff Tillyer's December 20, 2004 intake meeting with the EEOC.[2]  (Pl. Nardo's Resp., Ex. 1 ¶ 6 [02/12/07 Nardo Aff.], Ex. 2 ¶ 6 [Tillyer Aff.].).  As part of Tillyer's charge, Plaintiff Nardo completed an affidavit in which she specifically referenced the July 30, 2004 meeting and alleged that Defendant created a hostile work environment that was discriminatory and retaliatory towards women.  (*Id.*, Ex. 1 ¶ 8 [02/12/07 Nardo Aff.], Ex. 2 ¶¶ 8–9 [Tillyer Aff.], Ex. 4 [11/29/04 Nardo Aff].)  At the meeting, Plaintiffs Nardo and Tillyer inquired of the EEOC intake officer whether Plaintiff Nardo should complete a separate charge of

---

[2]This and the following allegations by Plaintiff Nardo are supported by her affidavit and that of Plaintiff Tillyer.  Defendant denies the substance of the allegations, but fails to follow my practice standards, which require that "[a]ny denial shall be accompanied by . . . ***specific reference*** to material in the record supporting the denial." (Practice Standards—Civil, Special Instructions Concerning Motion for Summary Judgment ¶ 4 [emphasis in original].)  Thus, for the purposes of this motion, I deem the allegations admitted.

discrimination related to the events of July 30, 2004, and both were informed that Plaintiffs' and McDonald's sex discrimination claims were included in Tillyer's charge.[3]  (*Id.*, Ex. 1 ¶ 7 [02/12/07 Nardo Aff.], Ex. 2 ¶ 7 [Tillyer Aff.].)  During the processing of the EEOC charges, Plaintiff Nardo made a written request to her EEOC investigator that Plaintiff Tillyer be the point person to coordinate Plaintiff Nardo's communications with the EEOC.  (Def.'s Reply, Ex. A–4 [06/22/06 Nardo Fax].)

Although they do not make clear who disclosed this information, Plaintiffs Nardo and Tillyer state they were informed for the first time in May 2005 that Witkowski and McDonald would have to file separate charges of discrimination because they had never separately filed with the EEOC.  (*Id.*, Ex. 1 ¶ 14 [02/12/07 Nardo Aff.], Ex. 2 ¶ 12 [Tillyer Aff.].)  Nonetheless, Plaintiffs Nardo and Tillyer were told that Plaintiff Nardo did not have to file an additional charge, because she had previously filed one and her sex discrimination claims were "attached" to Tillyer's.  (*Id.*, Ex. 1 ¶ 14 [12/02/07 Nardo Aff.], Ex. 2 ¶ 12 [Tillyer Aff.].)  McDonald and Witkowski subsequently filed charges of discrimination with the EEOC alleging sexual discrimination and retaliation.  (*Id.*, Ex. 2 ¶ 13 [Tillyer Aff.], Ex. 6 at 2 [Witkowski Charge].)  On December 22, 2005, Plaintiff Nardo submitted to the EEOC a reply to Defendant's response to her charge of discrimination in which she specifically referenced sexual discrimination by

---

[3] Plaintiff Nardo asserts she did not realize that she had a viable sex discrimination claim against Defendant until after filing her initial EEOC charge, when she had a discussion with Plaintiffs Tillyer and Witkowski, as well as McDonald.  (Pl.'s Br., Ex. 1 ¶ 5 [Nardo Aff.].)

Defendant as well as the July 30, 2004 greivance meeting with Defendant. (*Id.*, Ex. 7 at 3 [Nardo EEOC Reply].)

In February of 2006, Tillyer received emails from the EEOC indicating that the ruling on her charges of discrimination might be temporarily delayed, because Plaintiff Nardo's charge might need to be amended to include specific reference to sex discrimination and retaliation. (*Id.*, Ex. 2 ¶ 14 [Tillyer Aff.], Ex. 8 [02/06 Emails].) On or about February 23, 2006, Plaintiff Nardo was first informed by the EEOC that she was required to file an amendment to her original charge of discrimination in order to specifically allege sexual discrimination and retaliation.[4] (*Id.*, Ex. 1 ¶ 15 [12/02/07 Nardo Aff.].) On February 28, 2006, Plaintiff Nardo filed an amended charge with the EEOC alleging Defendant discriminated against her based on disability *and* sex. (*Id.*, Ex. A–2 [Nardo Am. Charge].) Other than claiming discrimination based on sex, the particulars of the charge were identical to her first filing. (*Id.*)

---

[4]Defendant asserts this allegation is unsupported by the record, because nothing in Plaintiff Nardo's EEOC case log reflects such a disclosure. (Def.'s Reply at 9, Ex. A–7 [Nardo Case Log].) However, the latest entry in the case log cited by Defendant is for February 1, 2006 — three weeks *before* Plaintiff Nardo claims she was informed by the EEOC of her need to file the sex discrimination claim. (*See id.*, Ex. A–7 [Nardo Case Log]; Pl. Nardo's Resp., Ex. 1 ¶ 15 [12/02/07 Nardo Aff.].) Moreover, Plaintiff Nardo's contention has some support in Tillyer's emails from the EEOC that are dated in late February 2006 and indicate that the ruling on her charge might be temporarily delayed because Plaintiff Nardo's charge might need to be amended to include specific reference to sex discrimination and retaliation. (*Id.*, Ex. 2 ¶ 14 [Tillyer Aff.], Ex. 8 [02/06 Emails].) Viewing the facts in the light most favorable to the non-moving party, I find Plaintiff Nardo was first informed by the EEOC of her need to file a separate charge of discrimination based on sex and retaliation in late February 2006.

## 2. *Procedural History*

On November 17, 2006, Plaintiffs filed a complaint in this court asserting Defendant discriminated against them based on their sex and retaliated against them for complaining of disparate treatment. (Compl.) On January 8, 2006, Defendant filed a motion to dismiss Plaintiff Nardo's claims because she failed to exhaust her administrative remedies. (Def.'s Br.) On February 12, 2007, Plaintiff Nardo filed a response to Defendant's motion, arguing dismissal was improper because: (1) Title VII's time limits were tolled by the EEOC's inaction; (2) the EEOC's investigation was unreasonably narrow; and (3) Plaintiff Nardo's claims are encompassed within the filings of Tillyer and Witkowski. (Pl. Nardo's Resp.) On March 2, 2007, Defendant replied in support of its motion. (Def.'s Reply.) This issue is fully briefed and ripe for review.

**ANALYSIS**

## 1. *Standard of Review*

Although the motion before the court is styled a motion to dismiss, Plaintiff Nardo's response transformed the motion into one for summary judgment. "A 12(b)(6) motion [to dismiss] must be converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not exclude by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a motion by [Federal Rule of Civil Procedure] 56.'" *GFF Corp. v. Associated Wholesale Grocers*, 130 F.2d 1381, 1384 (10th Cir. 1997) (quoting *Brown v. Zavaras*, 63 F.3d 967, 970 [10th Cir. 1995]). A narrow exception to this rule exists when a plaintiff's complaint refers to a document that is central to the plaintiff's claim, but the plaintiff fails to incorporate the document by reference or attach it to the complaint.

*Id.* Here, in response to Defendant's motion, Plaintiff Nardo cited the summary judgment standard and properly submitted several documents that were neither referenced in nor central to her complaint, including her and Tillyer's affidavits. (*See, e.g.*, Pl. Nardo's Resp. at 2–6, Ex. 1 [02/12/07 Nardo Aff.], Ex. 2 [Tillyer Aff.].)  Defendant, in turn: (1) responded to each of Plaintiff Nardo's statements of additional disputed facts, rather than requesting the court decline to consider those allegations; (2) submitted ten additional pieces of evidence, most of which were not referenced in Plaintiff Nardo's complaint; and (3) specifically acknowledged the possibility that this court may convert its motion into one for summary judgment. (Def.'s Reply at 2–5.)  I, thus, find both parties were on notice of the possibility of conversion and had a reasonable opportunity to respond. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (finding both parties were on notice of possibility of conversion where, in part, plaintiffs addressed the summary judgment standard in their response motion to dismiss and attached an affidavit to their brief).  Consequently, I consider Defendant's motion under the summary judgment standard.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

### 2.     *Evaluation of Claims*

Defendant argues Plaintiff Nardo's claims should be dismissed because she failed to exhaust her administrative remedies. (*See* Def.'s Br.) Plaintiff Nardo counters that summary judgment is inappropriate, because: (1) Title VII's time limits were tolled by the EEOC's inaction; (2) the EEOC's investigation was unreasonably narrow; and (3) Plaintiff Nardo's claims are encompassed within the filings of Tillyer and Witkowski. (Pl. Nardo's Resp.) I need only address Plaintiff Nardo's first defense.

A plaintiff must generally exhaust her administrative remedies before filing a Title VII claim in federal court. *Simms v. Okla. ex rel Dep't of Mental Health & Substance Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). In this case, to be timely, Plaintiff Nardo was required to file her charge with the EEOC within three-hundred days of the complained-of conduct. 42 U.S.C. § 2000e–5(e)(1) (2006). Plaintiff Nardo does not dispute that her amended charge was filed outside of the three-hundred day filing period. (*See* Pl. Nardo's Resp. at 7–9.) However, Plaintiff Nardo argues the filing period was equitably tolled. (*Id.*) The Supreme Court has made manifest that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982); *accord Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984). Nonetheless, this circuit takes a "strict view of what necessitates equitable tolling." *Jarrett v. US Sprint Comm'cs Co.*, 22 F.3d 256, 260 (10th Cir. 1994). "[A] Title VII time limit will be tolled only if there has been active deception of the [plaintiff] regarding procedural requirements." *Id.*; *Ajalla v. White*, 81 Fed. App'x 715, 719 (10th Cir. 2003). "Equitable tolling might be appropriate, for example, where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quoting *Carlile v. S. Routt Sch. Dist.*, 652 F.2d 981, 986 [10th Cir. 1981].) Finally, equitable tolling is generally inappropriate if the plaintiff failed to exercise due diligence in preserving her legal rights. *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96 [1990]).

Plaintiff Nardo contends that the EEOC lulled her into inaction by giving her "multiple assurances" that she need not file a separate charge alleging sexual discrimination and retaliation, because these claims were included in or "attached to" Tillyer's charge. (Pl. Nardo's Resp. at 7–8.) Defendant counters that tolling is inappropriate because the facts supporting Plaintiff Nardo's charge of sexual discrimination were apparent at the time she filed her original charge, and Plaintiff Nardo has not explained why she did not or could not include the allegations in that charge. (Def.'s Reply at 6–7.) Further, Defendant contends that the EEOC followed standard procedure in investigating Plaintiff Nardo's charge and provided her with sufficient advice regarding the EEOC's filing requirements. (*Id.* at 7–8.)

Viewing the facts in the light most favorable to Plaintiff Nardo, I find she exercised due diligence in pursuing her sexual discrimination claim against Defendant and that she was "lulled into inaction" by the EEOC, making equitable tolling appropriate. *Montoya*, 296 F.3d at 957. It is true that Plaintiff Nardo knew of the facts that were the basis for her sexual discrimination claim against Defendant at the time she filed her original charge with the EEOC. Nonetheless, she states in her affidavit that she had not considered the sexual discrimination aspect of Defendant's behavior, specifically with regard to the July 30, 2004 meeting, until speaking with Plaintiffs Tillyer and Witkowski, as well as McDonald. (*See* Pl. Nardo's Resp., Ex. 1 ¶ 5 [02/12/07 Nardo Aff.].) Although this discussion took place after the filing of her original charge, it was well within Title VII's limitations period. (*See id.*, Ex. 1 ¶¶ 5–6 [02/12/07 Nardo Aff.].) Further, Plaintiff Nardo made the sexual discrimination aspect of her grievance against Defendant clear to the EEOC in her November 29, 2004 affidavit, which Plaintiffs Nardo and Tillyer allege was

provided to the EEOC as part of Tillyer's charge. (*Id.*, Ex. 1 ¶ 8 [02/12/07 Nardo Aff.], Ex. 2 ¶ 8 [Tillyer Aff.], Ex. 4 [11/29/04 Nardo Aff.].) This date was also well within Title VII's limitations period. Moreover, according to both Plaintiffs Nardo and Tillyer, Plaintiff Nardo diligently pursued her sexual discrimination claim by inquiring of an EEOC intake officer on December 20, 2004 whether she should complete a separate charge alleging sexual discrimination and retaliation. (*Id.*, Ex. 1 ¶ 7 [02/12/07 Nardo Aff.], Ex. 2 ¶ 7 [Tillyer Aff.].) The EEOC intake officer allegedly answered that Plaintiff Nardo need not file a separate charge, because her sex discrimination claims were included in Tillyer's charge filed on behalf of Tillyer and a "group of similarly situated women."[5] (*Id.*, Ex. 1 ¶ 7 [02/12/07 Nardo Aff.], Ex. 2 ¶ 7 [Tillyer Aff.].) It was not until February 23, 2006 — after Title VII's limitations period had expired — that the EEOC first informed Plaintiff Nardo that she was, in fact, required to file an amendment to her original charge alleging sex discrimination and retaliation. (*Id.*, Ex. 1 ¶ 15 [02/12/07 Nardo Aff.], Ex. 2 ¶ 14 [Tillyer Aff.].)

These facts, taken together, show that Plaintiff Nardo actively pursued her sex discrimination claim with the EEOC well within the three-hundred day filing period. Less than six months after the last alleged act of sex discrimination, Plaintiff Nardo specifically questioned her EEOC intake officer regarding the necessity of her filing a separate sex discrimination charge, strongly suggesting that if the EEOC officer had not assured Plaintiff Nardo that no such filing

---

[5]Plaintiffs Nardo and Tillyer claim this information was repeated in May of 2005, but fail to make clear who relayed this information. (*See* Pl. Nardo's Resp., Ex. 1 ¶ 14 [02/12/07 Nardo Aff.], Ex. 2 ¶ 12 [Tillyer Aff.].) I cannot simply presume it was an EEOC employee; so, I do not consider the alleged second assurance here.

was necessary, she would have filed a timely second charge. (Pl. Nardo's Resp., Ex. 1 ¶ 7 [12/02/07 Nardo Aff.].) "This case does not involve an unreasonable or unnecessary delay. Nor does it constitute an attempt to revive a long stale claim or otherwise circumvent the statutory period at issue." *Martinez*, 738 F.2d at 1112. To the contrary, viewing the facts in the light most favorable to Plaintiff Nardo, the EEOC actively misled her, lulling Plaintiff Nardo into inaction. *Id.* (finding equitable tolling appropriate when plaintiff received an EEOC written notice that failed to make explicit the date when the right to sue permanently expired); *Brezovski v. U.S. Postal Serv.*, 905 F.2d 334, 338 (10th Cir. 1990) (finding the language in the EEOC's right to sue notice was "sufficiently misleading to justify tolling" the limitations period). Although, as Defendant contends, Plaintiff Nardo may well have been properly advised on Title VII's time limits in general, the EEOC intake officer's specific counsel could easily mislead a layperson. I note that "the protections of Title VII were not intended only for the prudent, the savvy, or the legally trained." *Martinez*, 738 F.2d at 1111. Applying the principles of equitable tolling, this court concludes that Plaintiff Nardo's amended charge was timely filed.

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that Defendant's motion (#10) is DENIED.

Dated this 14th day of June, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge